## Lyter Estate

*Rexford M. Glaspey*, for accountant.

RICHARDS, P. J., October 6, 1953.—Decedent, at the date of his death, was a widower. He was survived by 11 children. One of the children was then married and three have since married. Consequently there are now seven unmarried children, two of whom are minors. The account before us shows that there is no personalty to be distributed. In fact, one of the sons

of decedent advanced money to assist in the payment of the costs of administration. There remains for distribution a parcel of real estate known as No. 1914 State Street, Harrisburg, Pa. In order to award this to the proper parties we are obliged to consider the will of decedent. The essential parts are as follows:

"Item No. 2. I give, devise and bequeath to my unmarried children, the house and lot known as number 1914 State street, Harrisburg, Pa., to be maintained for and by said unmarried children as long as any shall remain so. Item No. 3. All the rest, residue and remainder of my estate, if any, real, personal and mixed of whatsoever nature and wheresoever situated, of which I may die, seized and possessed and to which I may be entitled at the time of my death, I give, devise and bequeath to the aforesaid unmarried children toward the maintenance and upkeep of said 1914 State Street home."

It needs no citation of authorities to establish the proposition that the intent of testator must be gleaned from the will as a whole.

The clause "I give, devise and bequeath to my unmarried children, the house and lot known as number 1914 State Street, Harrisburg, Dauphin County, Pennsylvania", would, standing alone, carry the fee to the property. But this clause does not stand alone. The same sentence adds the words: "to be maintained for and by said unmarried children *as long as any shall remain so.*" These italicized words strongly imply a limitation of time, a time which terminates upon the marriage of the last child, all of the others in the class having previously married. This limitation, it seems to us, is coupled with the devise of the real estate. That is, the property is given to the unmarried children *for a period of time* which expires upon the marriage of the last person in the class. Had an absolute gift of the real estate been intended, the phrase: "to be main-

tained for and by said unmarried children as long as any shall remain such", would have been unnecessary.

We are confirmed in this conclusion by the provisions of paragraph 3. Here the residue was given "toward the maintenance and upkeep of said property". Since the residue was for the maintenance of the property it could not include the property itself.

The will is silent as to the rights of unmarried children in the property should they ultimately marry. Nor does the will provide what shall become of the fee should one or more of the children never marry. It is obvious that the primary intent was to provide a home for the unmarried children. It is our conclusion that the will does not devise the fee to the unmarried children, but gives them only the use of the home so long as they or any of them remain unmarried and desire to use it as such. Likewise, there is no devise of the fee to any of the children who remain unmarried, or to any other persons or class of persons. Hence, the will devises the use and occupancy of the property to the children of testator who were unmarried at the date of his death to continue until such time as they successively become married, subject to the duty of maintaining the property. There is an intestacy as to any remainder interest. Hence, the ultimate fee in the property vests in the 11 surviving children of testator.

### Schedule of Distribution

1. To Lloyd Leslie Lyter, Richard K. Lyter, Willard C. Lyter, Robert F. Lyter, James E. Lyter, Harry Ezra L. Lyter and Franklin D. R. Lyter, the presently unmarried children of testator, the use and occupancy of premises known as 1941 State Street, Harrisburg, Pa., for such period of time as they respectively remain unmarried and use said premises as a home, subject to the obligation to maintain it.

2. To Lloyd Leslie Lyter, Charles McK. Lyter, Richard K. Lyter, Willard C. Lyter, Constance Lyter Stakley, Edward B. Lyter, Robert F. Lyter, James E. Lyter, Betty Lyter Sanger, Harry Ezra L. Lyter, Franklin D. R. Lyter, the remainder interest in said property, in equal shares, upon the termination of estate awarded in paragraph 1 of this schedule of distribution.

The account is hereby confirmed nisi, and in the absence of exceptions duly filed within 10 days herefrom, such confirmation shall be and become absolute, as of course.